**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSEPH P. ROCK, JR.,

      Plaintiff-Appellant,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

      Defendant-Appellee.

No. 98-1387
(D.C. No. 94-WY-2939-AJ)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Joseph P. Rock, Jr. appeals the district court's judgment in favor of defendant UNUM Life Insurance Company of America (UNUM) on his claims for insurance payments based on his permanent disability. The insurance policy at issue was governed by the Employees Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 (ERISA). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff was employed by Boettcher & Co. from 1981 to 1988, and again from February through June of 1989. Defendant issued a group long-term disability policy to Boettcher & Co., effective March 1, 1982, to cover Boettcher & Co.'s employees. Plaintiff was covered by the UNUM policy for permanent disability. On July 1, 1989, plaintiff filed for temporary, and then permanent, disability benefits based on evidence that he suffered from a mental illness. The UNUM policy limited benefits for total disability for mental illness to twenty-four months. UNUM paid benefits to plaintiff for twenty-four months, through December 1991.

In April 1994, plaintiff requested that UNUM reopen his claim to consider evidence that his disability was not, and had never been, caused by a mental condition, but, instead, was due to physical causes. Plaintiff sought a determination that his disability was caused by physical conditions. Consequently, he claimed he was entitled to reinstatement of his disability

payments to continue until he attained the age of sixty-five, as provided by the UNUM policy for a physically caused disability. UNUM declined to reclassify plaintiff's condition and denied additional disability payments. Plaintiff then filed suit, pursuant to 29 U.S.C. § 1132(a)(1)(B), to challenge the denial of benefits. He claimed that UNUM failed to consider his medical evidence of a physically disabling condition and that UNUM based the amount of disability payments only on his income during the few months plaintiff worked for Boettcher & Co. in early 1989, and not on his previous employment with Boettcher & Co.

Following a trial to the court, submission of deposition testimony and closing arguments, the district court issued its findings of fact and conclusions of law. It concluded that UNUM had properly denied reconsideration of plaintiff's disability claim and determined that the amount of benefits paid to plaintiff was correct.

On appeal, plaintiff asserts that the district court erred in (1) failing to review his physician's opinion that plaintiff's condition was the result of chronic fatigue syndrome, a physical illness; (2) finding that UNUM's review of his case was adequate; (3) holding that the UNUM mental illness limitation was not ambiguous; (4) finding that plaintiff was not disabled based on Dr. Levy's report;

(5) refusing to consider exhibits and testimony proffered by plaintiff; and

(6) concluding that the monthly benefit payment amounts were correct.

"'[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" McGraw v. Prudential Ins. Co. of Am., 137 F.3d 1253, 1258 (10th Cir. 1998) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). The district court found, and the parties do not dispute, that the UNUM policy under review here does not provide the plan administrator or fiduciary with discretion to determine eligibility for benefits or construe the plan's terms. Therefore, we review *de novo* UNUM's decision to deny plaintiff benefits based on his claim of a physical disability. Pursuant to the order in limine, review of the decision to deny further benefits was limited to the evidence before the plan administrator at the time the decision was made. See Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir. 1992) (reviewing administrator's decision under arbitrary and capricious standard). For matters not covered by the order in limine, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. See State Ins. Fund v. Ace Transp. Inc., No. 98-6368, 1999 WL 961184, *2 (10th Cir. Oct. 20, 1999).

We first address plaintiff's claim that the district court found that plaintiff was not disabled. This argument is based on the district court's finding number fifty-three, stating that an independent psychiatric examiner, Dr. Levy, "[a]ttached to [his] report . . . a Mental Disorders Functional Assessment Form, indicating that plaintiff was capable of working." Appellant's App., Vol. III at 1039 (findings of fact and conclusions of law). The statement does not constitute an independent district court finding that plaintiff was not disabled. Moreover, the district court's judgment does not rely on Dr. Levy's opinion. Accordingly, there was no reversible error.

Similarly, we are not persuaded that the district court refused to consider evidence plaintiff submitted pertaining to his income records and depositions to support his claim that the amount of disability payments was incorrect. The district court determined that UNUM had correctly calculated the payment amount pursuant to the unambiguous policy language. Therefore, plaintiff's proffered evidence was irrelevant to the district court's conclusion.

Our review of the record on appeal, the briefs submitted by the parties, and the district court's ruling does not indicate any reversible error in the district court's judgment. Applying the standards set out above, we affirm the district court's judgment for substantially the reasons stated in the Findings of Fact and

Conclusions of Law, dated September 9, 1998, and entered on the docket September 17, 1998.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge